**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KANISHA FLEMING, on Behalf of** | § | |
| **Herself and on Behalf of All Others** | § | |
| **Similarly Situated** | § | **CIVIL ACTION NO. 4:17-cv-01659** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | |
| **COMMUNITY HEALTH CHOICE, INC** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

## I.  SUMMARY

1.      Plaintiff Kanisha Fleming (hereinafter "Plaintiff") brings this lawsuit as a collective action against Defendant Community Health Choice, Inc. (hereinafter "CHC" or "Defendant") for violating the Fair Labor Standards Act. ("FLSA.")  Plaintiff seeks to represent all similarly situated workers throughout the United States who were subject to the same illegal pay practices as Plaintiff.

2.      Defendant knowingly and deliberately failed to compensate the Plaintiff and Class Members for their overtime hours at the rate of one and one-half times their regular rates of pay.

3.      Plaintiff worked for Defendant as a "Utilization Management Nurse."  Like the rest of Defendant's Utilization Management Nurses and all other nurses in substantially similar positions, such as Case Management Nurses, Clinical Intake Nurses and Care Management Nurses (collectively "Class Members"), Defendant paid Plaintiff a salary without overtime.  That is, Defendant misclassified Plaintiff and the Class Members as exempt. The duties of Plaintiff and the

1

Class Members do not satisfy the requirements for any exemption under the FLSA. Thus, Defendant has misclassified Plaintiff and the Class Members as exempt from overtime.

4.      Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, be compensated at one and one-half times their rate of pay for all hours worked over forty (40) in a workweek. Defendant owes their employees back pay, liquidated damages, attorneys' fees and court costs.

5.      Defendant implemented the same pay policies for hundreds of other workers. Therefore, Plaintiff sues on behalf of herself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b). She requests that the Court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

6.      This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged occurred in this District.

8.      Plaintiff lives in Harris County, Texas, and worked in Harris County during her employment with Defendant. Defendant has significant operations in the District, including maintaining offices in Houston.

### III.   PARTIES AND PERSONAL JURISDICTION

9.    Plaintiff Kanisha Fleming is an individual currently residing in Harris County, Texas.  Her written consent to this action is attached hereto as Exhibit "A."

10.    The Class Members are all of Defendant's current and former Utilization Management Nurses and all employees in substantially similar positions, including all Case Management Nurses, Clinical Intake Nurses, and Care Management Nurses, that were/are paid a salary without overtime pay during any week in the three year period prior to the filing of this lawsuit.

11.    Defendant Community Health Choice, Inc. is a Texas corporation and may be served with service of process by serving its registered agent, Kenneth W. Janda, at 2636 South Loop West, Suite 900, Houston, Texas 77054.

### IV.   FLSA COVERAGE

12.    At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

13.    At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.    At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

15.    At all material times, Plaintiff and Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## V.   FACTS

16.     Defendant operates in the healthcare services field and sells health insurance policies to businesses, individuals, and the government.

17.     Plaintiff works for Defendant as a Utilization Management Nurse and has worked in that position since June of 2015.

18.     Defendant employs hundreds of other nurses similar to Plaintiff.

19.     Plaintiff was paid a salary.

20.     Plaintiff regularly worked more than 40 hours each week.

21.     However, Plaintiff was not paid overtime for those hours worked over 40 in a workweek.

22.     Like Plaintiff, the Class Members were paid a salary.

23.     Like Plaintiff, the Class Members regularly worked more than 40 hours each week.

24.     Like Plaintiff, the Class Members were not paid overtime for those hours worked over 40 in a workweek.

25.     The Plaintiff and the Class Members review admissions documentation and input data.  They also review payment requests for treatment based on predetermined guidelines and criteria given to them by Defendant.  Plaintiff and the Class Members have little independent judge or discretion in performing their duties.

26.     Plaintiff and the Class Members spend the majority of their workday communicating with medical providers to collect and input data into Defendant's computer database pursuant to pre-established guidelines implemented by Defendant.

27.     Plaintiff was required to work more than 40 hours a week because Defendant maintained a quota system that required its nurses to process a set amount of reviews.  The Class Members were also bound by this quota system.  The effect was that the Plaintiff and the Class Members performed a substantial amount of work that could not be completed in 40 hours in one week.

28.     The Plaintiff and Class Members are required to complete more than 400 case reviews per month.  To meet this number of case reviews, the Plaintiff and Class Members must work long hours, well over 40 hours in a week.

29.     However, Defendant repeatedly informed Plaintiff and the Class Members that their salaries were intended to compensate them for 40 hours of work in a week.  Nevertheless, Defendant required Plaintiff and the Class Members to work more than 40 hours each week.

30.     None of the FLSA exemptions are applicable to Plaintiff or the Class Members.

31.     Plaintiff and the Class Members are not exempt under the administrative or professional exemption. *Clark v. Centene Company of Texas, L.P.*, 656 Fed. Appx. 688, 693 (5th Cir. 2016).

32.     Plaintiff and the Class Members do not supervise other employees or manage a customarily recognized department of Defendants' respective companies.

33.     Plaintiff and the Class Members have no authority to hire or fire other employees.

34.     Plaintiff and the Class Members do not exercise independent judgement and discretion with respect to matters of significance.  Instead, their job duties involve adherence to detailed guidelines and procedures promulgated by Defendant which were designed to remove independent judgment and discretion.

35. Despite these facts, Defendant misclassified Plaintiff and continues to misclassify the Plaintiff and Class Members as exempt from overtime pay.

36. Defendant knew, or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In fact, Defendant knew the requirement to pay overtime to Plaintiff and Class Members but intentionally chose not to do so.

## VI. COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Class Members employed by Defendant during any work week in the last three years.

38. Plaintiff has actual knowledge, through her own work experience and through interaction with her fellow nurses, that a class of similarly situated workers exist who have been subjected to Defendant's policy of failing to pay overtime.

39. Class Members are similarly situated to Plaintiff in that, at least during one work week in the relevant period, they worked overtime hours for Defendant without additional compensation being paid as required under the FLSA.

40. Defendant's failure to pay overtime or the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

41. The experience of Plaintiff, with respect to her employment classification, duties, and pay, is typical of other nurses across Defendant's business.

42. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

43.     Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime.

44.     The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

45.     The names and addresses of the Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

46.     Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

47.     The class of similarly situated employees is properly defined as follows:

**The Class Members are all Utilization Management Nurses, and all other nurses in substantially similar positions such as Clinical Intake Nurses, Case Management Nurses, Care Management Nurses, Case Managers, paid a salary without overtime compensation by Defendant during any work week during the three years prior to the initiation of this lawsuit.**

## VII.     CAUSE OF ACTION

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**
**(COLLECTIVE ACTION)**

48.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

49.     This cause of action arises from Defendant's violation of the FLSA for the failure to pay Plaintiff and Class Members overtime.

50. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

51. By failing to pay overtime based on that formula, Defendant has violated and continues to violate the FLSA.

52. No exception contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendant to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiff and Class Members.

53. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII. WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

54. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present.

55. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

56. Plaintiff is also entitled to recover her attorneys' fees and costs, as required by the FLSA.

## IX. JURY DEMAND

57. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X.    PRAYER FOR RELIEF

58.    For these reasons, Plaintiff respectfully requests that judgment be entered in favor

of herself and the Class Members, awarding them:

a.  Overtime compensation for all hours worked in excess of forty (40) hours per week
    at the rate of one and one-half times their regular rates of pay;

b.  An equal amount of their unpaid overtime premiums as liquidated damages, as
    allowed under the FLSA;

c.  Reasonable attorneys' fees, costs, interest, and expenses of this action as provided
    by the FLSA;

d.  Pre and post judgment interest, and

e.  Such other and further relief to which Plaintiff and Class Members may be entitled,
    both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ *Don J. Foty*
     Don J. Foty
     DFoty@kennedyhodges.com
     State Bar No. 24050022
     Federal Id: 711552
     KENNEDY HODGES, L.L.P.
     4409 Montrose Blvd, Suite 200
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS